**In re Willie SHUMAN, Petitioner.**

**No. 10–1146.**

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Rule 21, Fed.
R.App. P.
Feb. 25, 2010.

Opinion Filed: March 5, 2010.

Willie Shuman, Trenton, NJ, pro se.

Before SCIRICA, Chief Judge, WEIS
and GARTH, Circuit Judges.

OPINION

PER CURIAM.

Willie Shuman filed this pro se petition for a writ of mandamus pursuant to 28 U.S.C. § 1651 seeking an order compelling the District Court to act upon his motion for a default judgment. For the reason that follows, we will deny the petition.

In May 2009, Shuman filed a prisoner civil rights suit under 42 U.S.C. § 1983 in the United States District Court for the District of New Jersey. On July 28, 2009, the District Court ordered the defendant to file a responsive pleading within the time specified by Rule 12 of the Federal Rules of Civil Procedure. In a brief document dated that same day (July 28, 2009), Shuman asked the court to withdraw his complaint because it was "taking too long for this court to protect my rights." The District Court granted Shuman's request on August 10, 2009 and dismissed the case.

Despite the fact that his case had been dismissed, Shuman wrote to the court in November 2009 requesting that a default judgment be entered against the defendant because he had failed to file a timely responsive pleading. In January 2010, Shuman filed this mandamus petition seeking to have this Court order the District Court to enter a default judgment. About a week later, Shuman filed a motion asking the District Court to reopen his case.

Mandamus is a drastic remedy available only in the most extraordinary of circumstances. *See In re Diet Drugs Prods. Liab. Litig.,* 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that he has a "clear and indisputable" right to the issuance of the writ and that he has "no other adequate means" to obtain the relief desired. *Madden v. Myers,* 102 F.3d

74, 79 (3d Cir.1996). Here, Shuman has failed to show that he has a "clear and indisputable" right to entry of default judgment for the simple fact that there is no matter pending in which to enter such a judgment. His case was dismissed months ago—at his request. Accordingly, we will deny Shuman's petition for a writ of mandamus.